Dunn v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-173-CR

     DAVID WAYNE DUNN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 10th District Court
Galveston County, Texas
Trial Court # 91CR1080
                                                                                                    

O P I N I O N
                                                                                                    

      David Dunn appeals his conviction for burglary.


 He was found guilty by a jury, and, as a
result of two prior felony convictions that enhanced the range of punishment, the court assessed
punishment at forty years in prison.
      On Sunday afternoon, July 14, 1991, Officer Bret Luck of the Galveston Police Department
received a burglary in progress call. After arriving at the residence and talking with the neighbor
who reported the suspicious activity, Luck radioed for an additional officer. Luck then saw Dunn
stand up from his previously concealed position on the porch of the house and exit the doorway. 
Dunn was not wearing a shirt and was holding a screwdriver in his hand. Officer Belarmino
Sanchez, who arrived on the scene as a backup, searched Dunn and found a small ratchet driver,
a piece of metal about five inches long, and a shirt in Dunn's pocket.
      In point one Dunn contends that the evidence was insufficient to support his conviction for
burglary because there was no evidence that he intended to commit theft at the time he entered the
house. In reviewing the legal sufficiency of the evidence, we must determine whether, after
viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.


 Intent, as an essential
element of the offense of burglary, may not be left simply to speculation and surmise.


 However,
the jury is exclusively empowered to determine the issue of intent, and the events of a burglary
may imply the intent with which the burglar entered.



      Officer Luck testified that Dunn claimed to know the resident of the house and that he was
looking for a knife which he had hidden on the porch after a fight during the previous night. Mike
Price, another officer with the Galveston Police Department, was able to confirm that on the night
before Dunn was arrested for burglary he had been in a fight and was taken to the hospital for
treatment. However, the owner of the house testified that he did not know Dunn and that he had
not given Dunn permission to enter his house. Furthermore, Luck and Sanchez were not able to
find a knife on Dunn or on the porch. Although the jury could not properly find the requisite
intent "purely on the basis of its disbelief of the accused's contrary assertions," there is sufficient
other evidence from which the jury could properly infer Dunn's intent to commit theft.



      Officer Luck testified that it was not unusual to find a burglar with a shirt in his back pocket. 
According to Luck, a burglar would enter the house either shirtless or wearing a shirt of a
different type and, upon leaving the house, would put the other shirt on so that he would not match
the description provided by witnesses to the burglary. Furthermore, Dunn was hiding on the
porch until it became apparent that Luck would wait for a backup before entering the house. 
      Officer Sanchez testified that he found pry marks on the door frame and the piece of plywood
which was covering the doorway. Finally, Sanchez testified that at the threshold of the doorway
he found a piece of gauze with a red substance he suspected was blood. According to Sanchez,
Dunn had a laceration to the hand, which was bloody.
      Direct and circumstantial evidence are subject to the same standard of review.


 Viewing the
evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could
have found, beyond a reasonable doubt, that Dunn intended to commit theft at the time he entered
the house.


 Accordingly, we overrule point of error one.
      In point two Dunn contends that the court erred in overruling his objection to Officer Luck's
testimony that burglars commonly carry the type of tools found on Dunn at the time of his arrest. 
No such testimony, however, can be found in the record. The parenthetical reference to the
record directs us to Luck's testimony that it is not unusual to find a burglar with an article of
clothing in his back pocket. Because Dunn's brief presents nothing for review under point of error
two, it is overruled.



      In point three Dunn contends that the court erred in overruling his objection to Luck's
testimony that Dunn behaved in a manner consistent with how burglars behave. Specifically, he
complains of Luck's testimony that a burglar would enter the house either shirtless or wearing a
shirt of a different type and, upon leaving the house, would put the other shirt on so that he would
not match the description provided by witnesses to the burglary. According to Dunn's argument
under point three, "the fact that the appellant was behaving similarly to other burglars was not
very probative on the issue of his intent in this case, but was highly prejudicial, and should have
been excluded." At trial, however, Dunn objected that Luck's testimony would be speculation. 
Because Dunn's complaint in point three does not conform to his objection at trial, nothing is
preserved for review.


 Accordingly, we overrule point of error three.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings,
          Justice Vance, and
          Chief Justice McDonald, Retired
Affirmed
Opinion delivered and filed October 13, 1993
Do not publish